CARL M. BRITT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95566. Promulgated January 7, 1941.

*Tom F. Carey, C. P. A.,* for the petitioner.
*Wilford F. Payne, Esq.,* for the respondent.

OPINION.

HILL: Some of the issues raised in the pleadings have been settled by agreement of parties. These issues relate to the year in which certain deductions should be taken and certain accounts included in gross income. Petitioner kept his books and returned his income on the cash receipts and disbursements basis, and it is now agreed that the deductions in question are properly allowable from gross income for the year in which actually paid, and the items of income are includable for the year in which actually received. The facts necessary to make the adjustments are set out hereinabove, and will be reflected in the recomputations under Rule 50. If such adjustments result in an increase of the deficiency for the year 1936, respondent has timely made claim therefor, and same will be allowed.

The remaining issues submitted for decision involve (a) the amounts of the deductions allowable on account of depreciation of petitioner's buildings, machinery, and equipment, and (b) whether or not petitioner is entitled to any depletion deductions on the basis of income derived from the milling of tailings or chats.

For the year 1935, petitioner claimed a deduction of $4,932.50 and for 1936 a deduction of $4,388.62 for depreciation on the theory that the buildings, machinery, and equipment had a depreciable basis of $20,000 when acquired. Respondent, using the same rate of depreciation, allowed the amounts of $1,125 and $1,013.62, respectively, on the theory that at the time of acquisition by petitioner the assets had a depreciable basis of $5,000 and at the beginning of the taxable year 1935 had a basis of $4,500.

In September 1934 petitioner acquired the assets in question from the Pioneer Co. in satisfaction of his claim against the company in the amount of $20,000. The corporation owed petitioner $3,305.73 for money advanced, and the balance of the consideration paid by petitioner for the assets represented a credit of $16,694.27 which D. L. Larsh, president and principal stockholder of the corporation, had caused to be transferred, as a gift, from his account to petitioner's account on the corporation's books. The assets then had a salvage value of not less than $20,000.

The basis for depreciation in respect of the property here involved is the basis for determining gain upon sale or other disposition, section 114 (a), Revenue Acts of 1934 and 1936, and such basis is cost, except that, in the case of the property acquired by gift after December 31, 1920, the basis is the same as it would be in the hands of the donor, section 113 (a) (2).

So much is agreed to by the parties. But respondent argues that, since the corporation was indebted to Larsh in an amount in excess of $100,000, and its assets were worth only about $20,000, the credit of $16,694.27 transferred by Larsh to petitioner's account had a value in Larsh's hands of only approximately 20 cents on the dollar, and petitioner's basis is the same; also the indebtedness of $3,305.73 owing by the corporation to petitioner for money advanced by him to it, which he exchanged in part for the assets, likewise had a value of not more than 20 cents on the dollar, since the basis is cost and cost is the value of the thing exchanged. Hence, respondent contends that petitioner's total basis at the time of acquisition of the assets was less than $5,000, the basis upon which respondent computed the depreciation deductions allowed by him.

We are unable to agree with respondent's contention on this point. The records show that, in substance and effect, Larsh agreed to subordinate to petitioner's claim so much of the indebtedness owing by the corporation to Larsh as was in excess of $16,694.27 and that petitioner should be permitted to purchase the corporation's assets, worth $20,000, in satisfaction of his aggregate credit of $20,000. Pursuant to such agreement, the credit was transferred by Larsh and the assets were acquired by petitioner. Therefore, at the time of the transfer the credit was worth face value in Larsh's hands, and at the time of the acquisition of the assets, petitioner's total credit also was worth face value.

Respondent argues further, in an apparent effort to justify his action in disallowing the deductions claimed by petitioner, that petitioner did not use in his business all of the assets acquired from the corporation. In reply, petitioner contends that he is entitled to deduct depreciation on all of the assets for the reason that they were all purchased for business purposes, and were held for such future use, although a portion temporarily was not used during the taxable year. We pass discussion of the point on its merits. Respondent did not determine the deficiency on the basis that only a part of the assets were used in petitioner's business, and no proof was offered in respect of the portion not used. The point was raised for the first time in respondent's brief. This Board will not consider issues of fact not raised by the pleadings. *D. N. & E. Walter Co.*, 10 B. T. A. 620, 630; *American Industrial Corporation*, 20 B. T. A. 188, 202; *North American Coal Corporation*, 28 B. T. A. 807, 831; *Coosa Land Co.*, 29 B. T. A. 389, 394; *Jamieson Associates, Inc.*, 37 B. T. A. 92, 118.

Respondent's action on the first issue is reversed.

The second issue presented for decision is whether or not petitioner is entitled to percentage depletion on the basis of income derived from the milling of lead and zinc ores, known as tailings or chats, which petitioner had not mined or extracted from the earth, but

processed, under a royalty contract, from ores theretofore milled and deposited on the surface of the land. Precisely the same question, under facts not distinguishable from those of the instant case, was decided adversely to petitioner's contention by the United States Circuit Court of Appeals for the Tenth Circuit in *Atlas Milling Co.* v. *Jones*, 115 Fed. (2d) 61.

In its opinion the court pointed out that the statute authorizes, as a matter of grace, an allowance for depletion in the case of "mines" and that the word "mines" as so used is limited to natural deposits and does not include a tailings dump deposited on the surface of the land, consisting of a residue of ores that has been severed and milled. In an opinion rendered on rehearing of the same case on October 14, 1940, 115 Fed. (2d) 64, the court adhered to the conclusion reached in its former opinion.

In our opinion the court in the cited case correctly decided the question we have here. Accordingly, we hold that petitioner is not entitled to any deduction for depletion in either of the taxable years.

*Decision will be entered under Rule 50.*